UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **GREGORY ROMEU d/b/a DEVIL'S ADVOCATE ARMORY,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL ACTION NO. 4:21-cv-18** |
| **CITY OF MARFA** | § § § | |
| **Defendant.** | § § | |

# DEFENDANT CITY OF MARFA'S NOTICE OF REMOVAL AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

**CITY OF MARFA,** ("City") the Defendant herein, gives this its notice of the removal of the case styled *Gregory Romeu d/b/a Devil's Advocate Armory v. City of Marfa*, which bears Cause No. 8024 and is pending in the 394th Judicial District Court of Presidio County, Texas ("the State Court Litigation"), from the District Court in which it was originally filed to the United States District Court for the Western District of Texas, Pecos Division. In support thereof, City respectfully shows the Court the following:

## I.
## EXHIBITS

Exhibit 1    Plaintiff's Original Petition and Request for Disclosure, filed on October 2, 2020.

Exhibit 2    The letter dated September 25, 2020, requesting the issuance of citation to Defendant City of Marfa, filed October 6, 2020.

| | |
|---|---|
| Exhibit 3 | The Citation issued to City of Marfa that was served on October 14, 2020, and returned and filed on October 21, 2020. |
| Exhibit 4 | Defendant City of Marfa's Original Answer, filed November 9, 2020. |
| Exhibit 5 | Defendant's Plea to the Jurisdiction, filed January 12, 2021. |
| Exhibit 6 | Defendant's Motion for Protective Order, filed January 12, 2021. |
| Exhibit 7 | Defendant's February 1, 2021, letter providing notice of hearing, filed February 1, 2021. |
| Exhibit 8 | Plaintiff's First Amended Petition, filed March 3, 2021. |
| Exhibit 9 | Plaintiff's Response to City of Marfa's Plea to the Jurisdiction, filed March 9, 2021. |
| Exhibit 10 | March 17, 2021, letter requesting certified copy of docket sheet, filed March 18, 2021. |
| Exhibit 11 | Certified Copy of the Docket Sheet of the trial court. |

The foregoing Exhibits comprise all of the pleadings, motions and papers on file in the underlying State Court Litigation.

## II.
## PERTINENT FACTUAL BACKGROUND

1. On October 2, 2020, the State Court Litigation was initially commenced by Plaintiff Gregory Romeu d/b/a Devil's Advocate Armory ("Romeu") in which he sought recovery under state law for an alleged breach of contract against City arising out of Romeu's reservation of a city facility for a gun show which was subsequently cancelled due to the COVID-19 pandemic.

2. City was served on October 14, 2020, and filed its Original Answer on November 9, 2020.

3. On March 3, 2021, Romeu filed his First Amended Petition in which he, for the very first time, sought recovery under federal law from City. Specifically, he asserted claims

against City under 42 U.S.C. § 1983 for a purported violation of the rights secured to him under the United States Constitution.

4. Within the meaning of 28 U.S.C. § 1446(a), the Plaintiffs' First Amended Petition, which is attached hereto as Exhibit 8, raised claims from which City was able to ascertain for the first time that this case is one which is removable or has become removable to federal court. Specifically, in Paragraph VII of said First Amended Petition, the Plaintiff seeks recovery from City under 42 U.S.C. § 1983.

## III.
## BRIEF, ARGUMENT AND AUTHORITIES

5. The Plaintiff's action is one over which this Court has original jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1343, and may be removed to this Court by City pursuant to 28 U.S.C.A. § 1441(a). Under federal law, federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C.A. § 1331 and 28 U.S.C.A. §1441(a). Venue of the State Court Litigation lies in Presidio County, Texas. Therefore, this action must be removed to the United States District Court for the Western District of Texas, Pecos Division, pursuant to 42 U.S.C. § 1446(a).

6. Federal question removal is governed by the "well-pleaded complaint rule." According to this judicially created rule, federal jurisdiction exists when a federal question is presented on the face of a properly pleaded complaint, unaided by the answer or the petition for removal. *Gully v. First National Bank in Meridian*, 229 U.S. 109, 113 (1936). *See also, Franchise Tax Board v. Construction Laborer's Vacation Trust*, 463 U.S. 1, 9-11 (1983). Further, even though state law may create a plaintiff's cause of action, a cause may still arise under the laws of the United States if a well-pleaded complaint establishes that a plaintiff's right to relief under

state law requires resolution of a substantial question of federal law in dispute between the parties. *Franchise Tax Board*, 463 U.S. at 13. Additionally, when a plaintiff's right to relief depends upon the construction or application of the Constitution or the laws of the United States, jurisdiction lies in federal court. *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) (quoted in *Owens v. First City Nat'l Bank of Beaumont*, 714 F.Supp 227, 229, n. 9 (E.D. Tex. 1989)).

7. The Plaintiff herein has asserted claims against City in which his right to relief necessarily requires the resolution of a substantial question of federal law. Specifically, he seeks recovery from them under 42 U.S.C. § 1983 for a purported violation of his federally secured rights.

> In determining whether federal jurisdiction exists, the Court must apply the well-pleaded complaint rule. Whether a case is one arising under the Constitution or laws of the United States for jurisdictional purposes, must be determined from plaintiff's statement of his own claim, unaided by any defenses which the defendant may interpose. An independent and established corollary of the well-pleaded complaint doctrine provides that a plaintiff may not defeat removal by fraudulent means or by artfully failing to plead essential issues in the complaint . . . . Upon removal, a federal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if plaintiff has couched his pleading exclusively in terms of state law . . . . The court must look to the substance of the complaint and not to the labels used in it . . . . A plaintiff cannot rob a district court of jurisdiction by electing to amend away the grounds for federal jurisdiction.

*Rose v. Intelogic Trace*, 652 F.Supp. 1328, 1329-1330 (W.D. Tex. 1987).

8. In his First Amended Petition, Romeu, for the first time, clearly alleged claims in which his right to relief necessarily requires the resolution of a substantial question of federal law, i.e. whether City violated any rights secured to him under the United States Constitution. Therefore, the two well-settled concepts of federal removal procedure establish the propriety of this removal; namely, "the well-pleaded complaint rule" and the "artful pleading rule." *Rose, supra.* As a result, the City is entitled to remove this case.

# IV.
# CONCLUSION

The instant action is hereby removed to the United States District Court for the Western District of Texas, Pecos Division, for the reason that the Plaintiff has alleged a cause of action arising within the territorial jurisdiction of this District, the United States District Court has original jurisdiction over this matter, and City has properly perfected its removal.

Respectfully submitted,

*/s/ Wm. Andrew Messer*
**WM. ANDREW MESSER**
State Bar No. 13472230
andy@txmunicipallaw.com
**TIMOTHY A. DUNN**
State Bar No. 24050542
timothy@txmunicipallaw.com
**MESSER, FORT & MCDONALD, PLLC**
6371 Preston Road, Suite 200
Frisco, Texas 75034
972.668.6400 - Telephone
972.668.6414 - Facsimile

**COUNSEL FOR DEFENDANT THE CITY OF MARFA**

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, I electronically filed the foregoing document with the clerk of the Court for the Western District of Texas, Pecos Division, using the electronic case filing system of the Court.   The electronic case filing system sent a "Notice of Electronic Filing." to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Warren Norred.

Additionally, the foregoing document has been served upon the following persons in accordance with the Federal Rules of Civil Procedure, via certified mail, return receipt requested, on this the 30th day of March 2021:

Warren Norred
515 E. Border St.
Arlington, TX 76001

                                          */s/ Wm. Andrew Messer*
                                          **WM. ANDREW MESSER**